NO. 7460

PARISH OF ORLEANS.

GEORGE E. REUGGER

COURT OF APPEAL

VS

WM. E. DE BRUEYS.

PARISH OF ORLEANS

7460

264

OPINION.

By His Honor John St. Paul.

Plaintiff brings this suit via executiva at the defendant's domicile (Orleans) although the mortgaged lands are situated in another parish (St Tamany). Defendant seeks to enjoin on the ground that the court is without jurisdiction.

There is no merit in the contention. By the very terms of Art 163 of the Code of Practice (evenas originally written) where a proceeding has for its object the enforcement of a mortgage upon immovable property by virtue of an act imparting a confession of judgment, such proceeding may be instituted either where the property is situated or where the defendant has his domicile. And hence the Supreme Court was necessarily bound to recognize the validity of Executory Process issued by the court of the defendant's domicile, though the property to be seized might be situated # elsewhere. 17 An 126; 23 An 560.

## 11.

It is further urged that there is pending in the court of St Tamany, Parish, where the property is situated another executory process against the same property and prior in date to these proceedings. Hence it is urged that this case should for that reason have been instituted before that court or at least be transferred, *thereto*. C. P. 126; 397 ~~that the contention seems now unfounded in fact.~~

But assuming that the property is still under seizure by the court of St Tamany, nevertheless the contention is unfounded in law. Articles 126-395-396-397 C. P. provide that where one seeks to arrest the execution of an order of seizure or regulate its effect between creditors with conflicting privileges, he shall bring that issue before the court in which the property was first seized. But it is perfectly celar that as long as no conflict arises there is no occasion whatever to transfer proceedings from one court to another.

For it is neither unlawful nor unusual for a sheriff to have in his hands at one time several writs against the same

265

defendant issued out of different courts and to levy upon the same property under them all successively. If the property seized sells for enough to satisfy all these writs, then all claimants are paid in full and no conflict can possibly arise between them. If however the proceeds of sale should not suffice to pay all claimants it is ḏḭc̣ạṛ then that a conflict arises and it is then time to raise a contest over the proceeds which contest would then be transferred to the court having issued the first seizure C. P. 126.

But no such situation has yet arisen in this case and no such situation may ever arise.

111.

Finally it is contended that plaintiff herein is only an interposed person acting for the plaintiff in the proceedings before the court of St Tamany Parish who is alleged to be the true owner of the note herein sued upon. And based upon such allegation pleas of res judicata lis pendens, and payment are urged against the plaintiff.

But the evidence of plaintiff herein is that the note belongs to her, that she acquired it long before maturity in entire good faith and for the full value thereof, and that same is still unpaid; and this is practically uncontradicted.

It is true that the trial judge allowed defendant to introduce, for the purpose of contradicting her, the testimony of a witness taken on the trial of the case before the court of St Tamany, to which the plaintiff was not a party. But plaintiff objected to the introduction of such testimony as being res inter alios acta, and her objection should have been maintained. However even after admitting this testimony the trial judge seems to have attached no weight to it and accordingly dissolved the injunction and directed the sheriff to proceed with the Executory Process. We think his judgment was correct.

It is therefore ordered that the judgment appealed from be affirmed.